Shelley MOODY, Plaintiff–Appellant,

v.

NEW YORK CITY DEPARTMENT OF CORRECTIONS and Robert Kelley, Defendants–Appellees.

No. 05–0695–CV.

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

Thomas P. Hartnett, New York, NY, for Appellant.

Fay NG (Michael A Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, on the brief), New York, NY, for Appellees, of counsel.

Present: WALKER, Chief Judge, FEINBERG, and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Shelley Moody appeals from a November 8, 2004, judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*) granting summary judgment for defendants-appellees New York City Department of Corrections and Robert Kelley ("defendants").

We review de novo the grant or denial of summary judgment. *Tasini v. N.Y. Times Co.*, 206 F.3d 161, 165 (2d Cir.2000). We assume the parties' familiarity with the facts and the procedural history.

 On appeal, Moody argues that the district court erred in holding that she did not present genuine issues of material fact for trial on her discrimination and retaliation claims under the Americans With Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12101 *et seq.* Our independent review of the record, however, reveals no error. Moody has not presented sufficient evidence to establish that she suffered an adverse employment action as a result of her disability—a common element of both her discrimination and retaliation claims. *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir.2003) (setting forth the elements of a disability discrimination claim); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir.2002) (setting forth the elements to establish a prima facie case of retaliation). Her termination is not part of the complaint; therefore, we will not consider it on this appeal. To the extent that she relies on general allegations of harassment to satisfy her burden of showing an adverse employment action, even if we assume that these allegations are of the requisite specificity to present a genuine issue of material fact on summary judgment, *see* Fed. R.Civ.P. 56(e), we hold that they are insufficient to demonstrate that she endured a "materially adverse change" in the terms and conditions of her employment. *Treglia*, 313 F.3d at 720 (defining adverse employment action in ADA claims). And nowhere does Moody contend that her harassment amounted to a hostile work environment.

Moody also has failed to present evidence sufficient to establish that the Department did not take reasonable steps to accommodate her disability. She was assigned to an acceptable facility, was given access to a refrigerator to which inmates would not have access, could eat at her post, and was routinely granted paid sick leave when she was unable to work. To the extent that Moody's declaration could be read to present facts that the defendants did not take reasonable steps to accommodate her disability, she offers no evidence that "an accommodation exists that [would] permit[ ] her to perform [her] job's essential functions." *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir.2000) (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137–38 (2d Cir.1995)).

We have considered Moody's remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**